# EXHIBIT 7

# MEMORANDUM

**TO:**       Filter Team Agents FBI SA Haley Armentrout; FBI SA Jerrod McCormick; Filter Team AUSA Russell James

**FROM:**    AUSA Tom Gibson

**CC:**       All members of Prosecution and Filter Team

**DATE:**    June 25, 2024

**RE:**       Filter Team Instructions for Vivature Investigation – Second Supplemental

---

As a supplement and amendment to the Filter Team Memorandum dated February 11, 2024, please note the following.

The supervisory chain for the Filter AUSA Russell James includes Beaumont Branch Chief Joe Batte and then First Assistant United States Attorney

The supervisory chain for the Prosecution Team AUSA Anand Varadarajan includes Branch Chief Jay Combs and then Criminal Chief Frank Coan.

Any matters that cannot be resolved within the above supervisory chains will be elevated to the Executive Office for United States Attorneys for review and consultation.

Amendments and supplements to the filter protocol are attached to this memorandum.

The other provisions of the original Memorandum as supplemented and amended remain unchanged.

## SEARCH AND FILTER PROTOCOL

1.      With respect to the evidence within the filter set, the filter team will search for various key terms within the electronic evidence set.  The key terms that will be used include:  Legal or Attorney* or Counsel* or Lawyer* or Privilege* or Work product* or Attorney-client* or Law firm* or Litigation* or Lawsuit* or Sued* or suing* or Confidential Attorney* or the names and email addresses appended at the end of this document, separated by an "or" connector.  The correspondence from the defendants' attorneys and from counsel for Vivature regarding requested privilege key terms is also included as part of this protocol.

2.      **ELECTRONIC EVIDENCE SEIZED AND WITHIN SCOPE OF THE FILTER PROCESS / FILTER PROCESS** – The FBI RCFL will run the key terms against the electronic data within the scope of the filter process.  The material included within the scope of the filter process is that listed on Attachment A to this Memorandum, and is titled as FBI "North Texas RCFL Intake Evidence Receipt" dated February 8, 2024, along with the RCFL Receipt R2-24-9377.  In general, the data includes: 1) .pst accounts in the names of various individuals that were saved on a server located on Vivature corporate premises (referred to as "Vivature Email Data"); 2) a Lenovo laptop, multiple USB drives, and one iPhone that the investigation indicates are owned by Mouzon Bass (referred to as "Bass Device Data"); and 3) an iPhone that the investigation indicates is owned by defendant Lance Wilson (referred to as "Wilson Device Data").  Due to the ownership interests involved, the three categories of data above are treated separately in

the filter processes. Overall, the following filter process will result in two data sets for each group of data:

    A. **<u>PRESUMPTIVELY PROTECTED DATA SET:</u>** For purposes of the filter review, if an item contains one of the key term described above, it will be treated as presumptively privileged. But the Filter Team and the Prosecution Team will not undertake further analysis of this data set .

    b. **<u>PROSECUTION TEAM DATA SET:</u>** If the item of data does not contain any presumptively protected material, it will be included in a set of data described as the Prosecution Team Data Set.

3. Once the filter team agents have confirmed that the privilege key terms have been searched for and tagged or otherwise noted as such in the electronic evidence, they will contact the filter team AUSA to discuss the method by which the Presumptively Protected Data Set and the Prosecution Team Data Set will be provided to the defense counsel and counsel for Vivature.

4. **FILTER TEAM AUSA AND RELEASE OF THE VIVATURE EMAIL SERVER DATA TO THE DEFENSE COUNSEL AND TO COUNSEL FOR VIVATURE** — The filter team AUSA will manage the communications with defense counsel and counsel for Vivature, as well as release of the data sets, including at least the following:

    a. The Filter Team AUSA counsel will communicate with defense counsel and counsel for Vivature and describe the planned method of release of the Presumptively Protected Data Set and the Prosecution Team Data Set. This plan includes the release both sets of data to defense counsel and Vivature's counsel, at the same time as separate sets and identified as such. The Filter

Team AUSA will arrange for shipping or other means of delivery of both data sets to the defense counsel and Vivature counsel by trackable means.

b.   Defense counsel and Vivature's counsel will have one week to communicate to the Filter Team AUSA any objections to the release of the data in the two sets above in Paragraph 3.a.

c.   If one or more parties object to the release plan set out in Paragraph 3.a., the Filter Team AUSA will confer with the objecting counsel to determine if any resolution or agreement can be reached.  If none can be reached, the Filter Team AUSA will file a notice or motion as appropriate with the court, noting generally the status of the filter review, the plan communicated to defense counsel and Vivature's counsel, the nature of the objections raised by defense counsel and/or Vivature' counsel, and will request a hearing and relief from the court.  Following ruling by the court on this issue, the Filter Team AUSA will follow the court's directive in handling and releasing the Presumptively Protected Data Set and the Prosecution Team Data Set.

D.   Once the Filter Team AUSA delivers the Presumptively Protected Data Set and the Prosecution Team Data Set to the defense counsel and Vivature's counsel, the defense counsel and Vivature's counsel will have a two-week time period to review the Prosecution Team Data Set to determine if any of these counsel object to the release of this data set to the prosecution team and, if so, to provide a complete privilege log with the information shown in Attachment C. If no counsel object to the release of the Prosecution Team Data Set, or if no privilege log is received by the Filter Team AUSA in two weeks after delivery the data sets to defense counsel and Counsel for Vivature, the Filter Team AUSA will thereafter provide a copy of the Prosecution Team Data Set to the prosecution team agent after the end of the two-week period.

e.   If one or more defense counsel or the counsel for Vivature objects to the release of the Prosecution Team Data Set and timely provides a complete privilege log to the Filter Team AUSA, the Filter Team AUSA will communicate with the Filter Team Agents and direct them to remove the objected-to material from the Prosecution Team Data Set.  Once this is done, the Filter Team AUSA will manage the release of the remainder of the Prosecution Team Data Set to the Prosecution Team Agent.

f.   If the filter team AUSA concludes that material that is subject to a defense or Vivature counsel objection is not protected due to waiver or other

exception to the privilege, the filter team AUSA will confer with the objecting counsel to resolve the dispute. If no agreement on release of the material can be reached, the Filter Team AUSA will submit the material under seal to the court for a final determination. The filter team AUSA will not forward any of the objected-to material to the Prosecution Team without the court's prior approval.

5.    **FILTER TEAM AUSA AND RELEASE OF THE BASS DEVICE DATA TO COUNSEL FOR DEFENDANT BASS** — The filter team AUSA will manage the communications with defense counsel for defendant Bass ("Bass Defense Counsel"), as well as release of the data sets, including at least the following:

a.    The Filter Team AUSA counsel will communicate with Bass Defense Counsel and describe the planned method of release of the Presumptively Protected Data Set and the Prosecution Team Data Set. This plan includes the release both sets of data to Bass Defense Counsel, at the same time as separate sets and identified as such. The Filter Team AUSA will arrange for shipping or other means of delivery of both data sets to the Bass Defense Counsel by trackable means.

b.    Bass Defense Counsel will have one week to communicate to the Filter Team AUSA any objections to the release of the data in the two sets above in Paragraph 3.a.

c.    If Bass Defense Counsel objects to the release plan set out in Paragraph 3.a., the Filter Team AUSA will confer with the Bass Defense Counsel to determine if any resolution or agreement can be reached. If none can be reached, the Filter Team AUSA will file a notice or motion as appropriate with the court, noting generally the status of the filter review, the plan communicated to Bass Defense Counsel, the nature of the objections raised by Bass Defense Counsel, and will request a hearing and relief from the court. Following ruling by the court on this issue, the Filter Team AUSA will follow the court's directive in handling and releasing the Presumptively Protected Data Set and the Prosecution Team Data Set.

D.    Once the Filter Team AUSA delivers the Presumptively Protected Data Set and the Prosecution Team Data Set to Bass Defense Counsel, the Bass

Defense Counsel will have a two-week time period to review the Prosecution Team Data Set to determine if Bass Defense Counsel objects to the release of this data set to the prosecution team and, if so, to provide a complete privilege log in the form attached to this memorandum. If Bass Defense Counsel do not object to the release of the Prosecution Team Data Set, or if no privilege log is received by the Filter Team AUSA in two weeks after delivery the data sets to Bass Defense Counsel, the Filter Team AUSA will thereafter provide a copy of the Prosecution Team Data Set to the prosecution team agent after the end of the two-week period.

e.    If Bass Defense Counsel objects to the release of the Prosecution Team Data Set and timely provides a complete privilege log to the Filter Team AUSA, the Filter Team AUSA will communicate with the Filter Team Agents and direct them to remove the objected-to material from the Prosecution Team Data Set. Once this is done, the Filter Team AUSA will manage the release of the remainder of the Prosecution Team Data Set to the Prosecution Team Agent.

f.    If the filter team AUSA concludes that material that is subject to a Bass Defense Counsel objection is not protected due to waiver or other exception to the privilege, the filter team AUSA will confer with the objecting counsel to resolve the dispute. If no agreement on release of the material can be reached, the Filter Team AUSA will submit the material under seal to the court for a final determination. The filter team AUSA will not forward any of the objected-to material to the Prosecution Team without the court's prior approval.

## 6.    FILTER TEAM AUSA AND RELEASE OF THE WILSON DEVICE DATA TO COUNSEL FOR DEFENDANT WILSON — The filter team AUSA will manage the communications with defense counsel for defendant Wilson ("Wilson Defense Counsel"), as well as release of the data sets, including at least the following:

a.    The Filter Team AUSA counsel will communicate with Wilson Defense Counsel and describe the planned method of release of the Presumptively Protected Data Set and the Prosecution Team Data Set. This plan includes the release both sets of data to Wilson Defense Counsel, at the same time as

separate sets and identified as such. The Filter Team AUSA will arrange for shipping or other means of delivery of both data sets to the Wilon Defense Counsel by trackable means.

b.    Wilson Defense Counsel will have one week to communicate to the Filter Team AUSA any objections to the release of the data in the two sets above in Paragraph 3.a.

c.    If Wilson Defense Counsel objects to the release plan set out in Paragraph 3.a., the Filter Team AUSA will confer with the Wilson Defense Counsel to determine if any resolution or agreement can be reached. If none can be reached, the Filter Team AUSA will file a notice or motion as appropriate with the court, noting generally the status of the filter review, the plan communicated to Wilson Defense Counsel, the nature of the objections raised by Wilson Defense Counsel, and will request a hearing and relief from the court. Following ruling by the court on this issue, the Filter Team AUSA will follow the court's directive in handling and releasing the Presumptively Protected Data Set and the Prosecution Team Data Set.

D.    Once the Filter Team AUSA delivers the Presumptively Protected Data Set and the Prosecution Team Data Set to Wilson Defense Counsel, the Wilson Defense Counsel will have a two-week time period to review the Prosecution Team Data Set to determine if Wilson Defense Counsel objects to the release of this data set to the prosecution team and, if so, to provide a complete privilege log in the form attached to this memorandum. If Wilson Defense Counsel do not object to the release of the Prosecution Team Data Set, or if no privilege log is received by the Filter Team AUSA in two weeks after delivery the data sets to Wilson Defense Counsel, the Filter Team AUSA will thereafter provide a copy of the Prosecution Team Data Set to the prosecution team agent after the end of the two-week period.

e.    If Wilson Defense Counsel objects to the release of the Prosecution Team Data Set and timely provides a complete privilege log to the Filter Team AUSA, the Filter Team AUSA will communicate with the Filter Team Agents and direct them to remove the objected-to material from the Prosecution Team Data Set. Once this is done, the Filter Team AUSA will manage the release of the remainder of the Prosecution Team Data Set to the Prosecution Team Agent.

f.    If the filter team AUSA concludes that material that is subject to a Wilson Defense Counsel objection is not protected due to waiver or other exception

to the privilege, the filter team AUSA will confer with the objecting counsel to resolve the dispute. If no agreement on release of the material can be reached, the Filter Team AUSA will submit the material under seal to the court for a final determination. The filter team AUSA will not forward any of the objected-to material to the Prosecution Team without the court's prior approval.

7. **SEALING OF ORIGINAL DEVICE AND DRIVES** - Following the transfer of the data to the defense counsel and counsel for Vivature as set out above in this memorandum, the Filter Team agents will take the original phones, drives, and materials described in Attachment A to this Memorandum and seal them in a container not accessible to the prosecution team, except as may be otherwise authorized by the Court.

8. **POTENTIAL RESIDUAL POSSIBLE PROTECTED DATA OR INFORMATION** - If, despite the procedures outlined in this memorandum, a prosecution team agent or prosecutor finds in the items provided by the filter team AUSA any item that appears to contain protected or potentially protected information, they will not examine it further, and will immediately notify at least one of the Filter Team Agents along with the Filter Team AUSA, and the Filter Team agent(s) will take custody of the material in question.

## KEY TERMS TO INCLUDE IN SEARCH OF DATA SET





ATTACHMENT A:  RCFL LISTS OF ELECTRONIC DATA DEVICES IN SCOPE OF FILTER REVIEW

FD-1057 (Rev. 5-8-10)



**UNCLASSIFIED**

# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

**Title:** (U) North Texas RCFL Intake Evidence Receipt          **Date:** 02/08/2024

**From:** DALLAS
      **Contact:** Jason D. Rennie, 214-705-7143

**Approved By:** SSA Christopher M. Ranney

**Drafted By:** Jason D. Rennie

**Case ID #:** 209B-DL-3059082     (U) Vivature, Inc. – Subject;
                                 Blue Cross Blue Shield of Texas – Victim;
                                 United Health Group – Victim;
                                 Health Care Fraud – Private Insurance
                                 Programs

**Synopsis:** (U) North Texas RCFL Intake Evidence Receipt

**Enclosure(s):** Enclosed are the following items:
1. (U) North Texas RCFL Intake Evidence Receipt

**Details:**

From January 22, 2024, through January 24, 2024, pursuant to search warrants and arrest warrants which were executed for the captioned investigation, numerous digital evidence items were seized.

On February 5, 2024, at 1:17 p.m., seven (7) items of digital evidence were turned over to the North Texas Regional Computer Forensic Laboratory (RCFL) for forensic review, pursuant to RCFL case number R2-24-9377. The details of the digital items turned over are as follows:

| Item Description | RCFL Item No. |
|---|---|
| Black Lenovo Thinkpad T490 | DL122886 |
| Apple iPhone (Black) | DL122887 |
| Apple iPhone (Black) | DL122888 |
| 2TB Seagate Expansion Drive (Black) | DL122889 |

**UNCLASSIFIED**

**UNCLASSIFIED**

Title:  (U) North Texas RCFL Intake Evidence Receipt
Re:  209B-DL-3059082, 02/08/2024

| | |
|---|---|
| 16GB Black Kingston USB | DL122890 |
| 16GB Black Kingston USB | DL122891 |
| 128GB Yellow MicroCenter USB | DL122892 |

**Agent Note:**  A copy of the RCFL Intake Evidence Receipt which details the aforementioned submission has been digitally attached to this FD-1057.

◆◆

# North Texas RCFL

**Intake Evidence Receipt**

## Regional Computer Forensics Laboratory
207 South Houston Street, 2nd Floor, Dallas TX 75202
1-469-893-4309   FAX: 1-469-893-4334



**R2-24-9377**

## Evidence Details

Total number of evidence items processed on this receipt: 7

| | |
|---|---|
| **Description:**<br>Computer: Laptop: Black Lenovo ThinkPad<br>Storage Location: C3 | |
| **Make:**<br>Lenovo (1 of 7) | **Model:**<br>ThinkPad T490 |
| **Serial Number:**<br>PF-273QP1 | **Case ID / Lab number:**<br>R2-24-9377 |
| **Agency Case Number:**<br>209B-DL-3059082 | **Lab Designation / Designation Expl.:**<br>Questioned (Q), [No designation explanation] |
| **Intake Container / Seal:**<br>None  /  None | **ECF Container / Seal:**<br>Plastic Bag  /  Heat Seal |
| **Intake Damage:**<br>RESIDUE / SCRATCHED / SCUFFED | **Tracking Number:** |



DL122886

| | |
|---|---|
| **Description:**<br>Cellular Phone: Black iPhone w Black Case ESIM<br>Storage Location: A2 | |
| **Make:**<br>Apple (2 of 7) | **Model:**<br>A2848 |
| **Serial Number:**<br>N/A | **Case ID / Lab number:**<br>R2-24-9377 |
| **Agency Case Number:**<br>209B-DL-3059082 | **Lab Designation / Designation Expl.:**<br>Questioned (Q), [No designation explanation] |
| **Intake Container / Seal:**<br>None  /  None | **ECF Container / Seal:**<br>Plastic Bag  /  None |
| **Intake Damage:**<br>DIRT / SCUFFED | **Tracking Number:** |



DL122887

| | |
|---|---|
| **Description:**<br>Cellular Phone: Black iPhone w Black/Gray Case ESIM<br>Storage Location: A2 | |
| **Make:**<br>Apple (3 of 7) | **Model:**<br>A2850 |
| **Serial Number:**<br>N/A | **Case ID / Lab number:**<br>R2-24-9377 |
| **Agency Case Number:**<br>209B-DL-3059082 | **Lab Designation / Designation Expl.:**<br>Questioned (Q), [No designation explanation] |
| **Intake Container / Seal:**<br>None  /  None | **ECF Container / Seal:**<br>Plastic Bag  /  None |
| **Intake Damage:**<br>RESIDUE / SCUFFED | **Tracking Number:** |



DL122888

## Property / Evidence Receipt

| Date / Time | Released By | | Received By |
|---|---|---|---|
| Date / Time<br>02/05/2024<br>01:17 PM | Name/Agency<br>Jason Rennie , FBI - Frisco RA (Phone: 903-892-8764) | | Name/Agency<br>Llouellynde Ford , NTRCFL (Phone: 4698934340) /  |
| | Signature | | Signature |

*Indicates the Witness acted as an Evidence Technician.

# North Texas RCFL

**Intake Evidence Receipt**

**Regional Computer Forensics Laboratory**
207 South Houston Street, 2nd Floor, Dallas TX 75202
1-469-893-4309   FAX: 1-469-893-4334



**R2-24-9377**

## Evidence Details

Total number of evidence items processed on this receipt: 7

| Description:<br>Other: Black Seagate Expansion Portable Drive<br>Storage Location: C3 | |
|---|---|
| **Make:**<br>Seagate (4 of 7) | **Model:**<br>2TB |
| **Serial Number:**<br>NA872YJD | **Case ID / Lab number:**<br>R2-24-9377 |
| **Agency Case Number:**<br>209B-DL-3059082 | **Lab Designation / Designation Expl.:**<br>Questioned (Q), [No designation explanation] |
| **Intake Container / Seal:**<br>None / None | **ECF Container / Seal:**<br>Plastic Bag / Heat Seal |
| **Intake Damage:**<br>[No damage recorded] | **Tracking Number:** |



DL122889

| Description:<br>Other: Black Kingston USB<br>Storage Location: C3 | |
|---|---|
| **Make:**<br>Kingston (5 of 7) | **Model:**<br>16GB |
| **Serial Number:**<br>N/A | **Case ID / Lab number:**<br>R2-24-9377 |
| **Agency Case Number:**<br>209B-DL-3059082 | **Lab Designation / Designation Expl.:**<br>Questioned (Q), [No designation explanation] |
| **Intake Container / Seal:**<br>None / None | **ECF Container / Seal:**<br>Plastic Bag / Heat Seal |
| **Intake Damage:**<br>[No damage recorded] | **Tracking Number:** |



DL122890

| Description:<br>Other: Black Kingston USB<br>Storage Location: C3 | |
|---|---|
| **Make:**<br>Kingston (6 of 7) | **Model:**<br>16GB |
| **Serial Number:**<br>N/A | **Case ID / Lab number:**<br>R2-24-9377 |
| **Agency Case Number:**<br>209B-DL-3059082 | **Lab Designation / Designation Expl.:**<br>Questioned (Q), [No designation explanation] |
| **Intake Container / Seal:**<br>None / None | **ECF Container / Seal:**<br>Plastic Bag / Heat Seal |
| **Intake Damage:**<br>[No damage recorded] | **Tracking Number:** |



DL122891

## Property / Evidence Receipt

| Date/Time | Released By | | Received By | |
|---|---|---|---|---|
| **Date / Time**<br>02/05/2024<br>01:17 PM | **Name/Agency**<br>Jason Rennie , FBI - Frisco RA (Phone: 903-892-8784) | | **Name/Agency**<br>Llouellynda Ford , NTRCFL (Phone: 4698934340) / | |
| | **Signature** | | **Signature** | |

*Indicates the Witness acted as an Evidence Technician.

# North Texas RCFL

**Intake Evidence Receipt**

**Regional Computer Forensics Laboratory**
207 South Houston Street, 2nd Floor, Dallas TX 75202
1-469-893-4309   FAX: 1-469-893-4334



**R2-24-9377**

## Evidence Details

Total number of evidence items processed on this receipt: 7

| Description: Other: Yellow Micro Center USB Storage Location: C3 | |
|---|---|
| **Make:** Micro Center (7 of 7) | **Model:** 128GB |
| **Serial Number:** N/A | **Case ID / Lab number:** R2-24-9377 |
| **Agency Case Number:** 209B-DL-3059082 | **Lab Designation / Designation Expl.:** Questioned (Q), [No designation explanation] |
| **Intake Container / Seal:** None  /  None | **ECF Container / Seal:** Plastic Bag  /  Heat Seal |
| **Intake Damage:** [No damage recorded] | **Tracking Number:** |



DL122892

## Property / Evidence Receipt

| Date / Time | Released By | | Received By | |
|---|---|---|---|---|
| Date / Time 02/06/2024 01:17 PM | **Name/Agency** Jason Rennie , FBI - Frisco RA (Phone: 903-892-8784) | | **Name/Agency** Lliouellynde Ford , NTRCFL (Phone: 4698934340) ' | |
| | **Signature** | | **Signature** | |

'Indicates the Witness acted as an Evidence Technician.

ATTACHMENT B:  LETTERS RECEIVED FROM DEFENSE COUNSEL AND VIVATURE COUNSEL WITH KEY SEARCH TERMS



2

**Gene Besen**
Partner
gbesen@bradley.com
214.257.9758 direct



February 1, 2024

Anand Varadarajan
Assistant United States Attorney
U.S. Attorney's Office, Eastern District of Texas
101 East Park Blvd, Ste 500
Plano, TX 75074

Dear Anand:

We represent Dr. Robert Brent Scott. It has come to our attention that one or more search warrants were recently executed at Vivature, Inc. We have reason to believe that Dr. Scott's privileged communications, in hard copy or electronic form, were stored on Vivature's premises, including but not limited to its offices, computer network, and computer servers.

Dr. Scott has an attorney-client relationship with Jose Portela of the law firm Beckham Portela. Any communications between Dr. Scott and Jose Portela are likely privileged and should be segregated. Furthermore, it is Dr. Scott's position that his communications with Mr. Portela were part of a joint representation or common interest agreement with Vivature. Therefore, attorney-client privilege is not waived by the use of Vivature's email system or the inclusion of Vivature personnel on communications with Mr. Portela, including Mr. Bass and Mr. Wilson.

We request that you immediately take steps to segregate any hard copy or electronic communications involving both Dr. Scott and Mr. Portela. Such communications would include one or more of Dr. Scott's email addresses, including but not limited to ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Thank you for your immediate attention to this matter.

Sincerely,

Gene Besen
Partner

GRB/sm

CC:   Thomas Melsheimer, Esq.
      Scott Thomas, Esq.
      Arnold Spencer, Esq.



**WINSTON & STRAWN LLP**

NORTH AMERICA    SOUTH AMERICA    EUROPE    ASIA

2121 N. Pearl Street
Suite 900
Dallas, TX 75201
T +1 (214) 453-6500
F +1 (214) 453-6400

February 2, 2024

**Anand Varadarajan**
**G.R. Jackson**
United States Attorney's Office
Eastern District of Texas
101 East Park Boulevard,
Plano, TX 75074

CC: Tom Melsheimer; Alexander Nowakowski

*VIA EMAIL*

       Re: *United States v. Bass*
          Case No. 4:24CR7

Dear Mr. Varadarajan:

       The Government's seizure of documents, electronic devices, and other materials of my client Mr. Mouzon Bass, III ("Mr. Bass"), and of his business Vivature, Inc., pursuant to search and seizure warrant(s) or by other means has likely led to the collection of communications covered by attorney-client privilege. Rule 502 of the Federal Rules of Evidence provides protections to communications between a client and his or her attorney and legal staff in the course of their representation of their client. This serves as a notice to your office that the following attorneys and legal staff have represented Mr. Bass and his business(es) as counsel and whose communications are covered by the attorney-client privilege:[1]





WINSTON
&STRAWN
LLP

February 2, 2024
Page 2



Further, Mr. Bass reserves his right to raise the attorney-client privilege as to other individuals not listed above.

Please contact me by calling 214-453-6430 should you have questions or concerns.

Sincerely,

**WINSTON & STRAWN LLP**

Scott Thomas
*/s/ Scott Thomas*
Texas Bar No. 24046964
scthomas@winston.com
2121 N. Pearl Street Suite 900
Dallas, TX 75201
(214) 453-6500 (telephone)
(214) 453-6400 (telecopy)

ATTACHMENT C: PRIVILEGE LOG FIELDS FOR DEFENSE COUNSEL AND VIVATURE COUNSEL

Privilege Log on behalf of _____

| Bates / Control Number Beg | Bates / Control Number End | MD5 Hash | Bates / Control Number Beg Attach | Bates / Control Number End Attach | Custodian | File Name | Log | Log | Log | Log | Log_Date | Email Subject | Privilege and Justification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |